UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| Carl Roberts, | First Amended |
| Plaintiff, | **COMPLAINT** |
| -against- | 13-CV-4878 (RMB) |
| Captain Daniel DiPierri Shield #xxxx, **Corrections Officer Hector Nazario Shield No. XX95; Corrections Officer Deandra Carroll, Shield No. XXX83**; John Doe, 1-5, Supervising Corrections Officer John Doe 6; the City Of New York, New York City Department Of Corrections, The City of New York, | CIVIL ACTION |
| Defendants. | |

_____X

**NOW COME** the Plaintiff, **CARL ROBERTS,** by and through his attorney, **D. Andrew Marshall, Esq.** for his Complaint against the Defendants, respectfully shows to this Court and allege:

## NATURE OF THE ACTION

This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

# VENUE AND JURISDICTION

1. That jurisdiction is founded upon the existence of a Federal Question.

2. That this an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the laws and statutes of the State of New York.

3. That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs

1

by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

5. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVEN-FIVE THOUSAND ($75,000.00) DOLLARS.

## JURY DEMAND

6  Plaintiff demands a trial by jury in this action.

## PARTIES:

7. Upon information and belief the Plaintiff Carl Roberts, Hereinafter "Plaintiff Roberts," is a citizen of the United States and a resident of the City, County and, State of New York.

8. Upon information and belief, that at all times, hereinafter mentioned, the Defendant THE CITY OF NEW YORK, hereinafter "Defendant NYC" was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times, hereinafter mentioned, the Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Department of Corrections, hereinafter "Defendant NYC DOC," including all the corrections officers and law enforcement personnel thereof.

10. Upon information and belief, NYC DOC is responsible for the appointment, training, supervision, promotion and discipline of the corrections offices and supervisory corrections officers, including the individually named Defendant herein.

11. Upon information and belief, at all times hereinafter mentioned, and on or prior to the 7th day of January 2012 and at all other relevant times, Defendant CAPTAIN DANIEL DiPIERRI, hereinafter "Defendant DiPIERRI," was employed by Defendant NYC and NYC DOC at the George R. Vierno Center on Rikers Island, as a corrections officer with the rank of captain. He is sued in his individual and official capacities.

12. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 7th day of January 2012 and at all other relevant times, Defendant **Hector Nazario Shield No. XX95**, hereinafter "Defendant Nazario," was employed by Defendant NYC and NYC DOC at the George R. Vierno Center on Rikers Island, as a corrections officers. He is sued in his individual and official capacities.

13. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 7th day of January 2012 and at all other relevant times, Defendant **Deandra Carroll, Shield No. XXX83**, hereinafter "Defendant Carroll," was employed by Defendant NYC and NYC DOC at the George R. Vierno Center on Rikers Island, as a corrections officers. He is sued in her individual and official capacities.

14. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 7th day of January 2012 and at all other relevant times, Defendant Corrections Officers John Doe 1-5, hereinafter "Defendants Doe 1-5," were employed by Defendant NYC and NYC DOC at the George R. Vierno Center on Rikers Island, as a corrections officers. They are sued in their individual and official capacities.

15. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 7th day of January 2012 and at all other relevant times, Defendant Supervising Corrections Officer John Doe 6, hereinafter "Defendant Supervising Doe" was employed by Defendant NYC and NYC DOC at the George R. Vierno Center on Rikers Island, as a corrections officer. He is sued in his individual and official capacities.

16. Defendants Doe 1-5 and Defendant Supervising Doe were employed by Defendant

NYC, as corrections officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff. They are sued in their individual and official capacities.

## FACTS:

17. Upon information and belief, on or about January 7, 2012 at all relevant times, Defendant DiPierri, was working at the George R. Vierno Center on Rikers Island.

18. Upon information and belief, on or about January 7, 2012 at all relevant times, Plaintiff Roberts was an inmate at the George R. Vierno Center on Rikers Island under the care and custody of the defendants.

19. Upon information and belief, on or about January 7, 2012 at all relevant times, without provocation or other legal reason, justification or otherwise, Defendant DiPierri assaulted and battered Plaintiff Roberts at the George R. Vierno Center on Rikers Island.

20. Upon information and belief, on or about January 7, 2012 at all relevant times, Defendant DiPierri then, without provocation or other legal reason, justification or otherwise, pushed, punched repeatedly, kicked, and sprayed Plaintiff Roberts with a noxious chemical.

21. Upon information and belief, on or about January 7, 2012 at all relevant times, Defendant DiPierri then wrote and filed a false "use of force report" in which it claimed that Plaintiff Roberts was being aggressive.

22. Upon information and belief, on or about January 7, 2012 at all relevant times, Plaintiff DiPierri ordering subordinate Defendant Nazario, Defendant Carroll and Defendant Doe 1-5 to make false claims on a "use of force witness report" to back up Defendant DiPierri's false claim that Plaintiff Roberts had been the aggressor.

23. Upon information and belief, on or about January 7, 2012 at all relevant times Defendant Nazario, Defendant Carroll and Defendant Doe 1-5 made false claims on a "use of force witness report" to back up Defendant DiPierri's false claim that Plaintiff Roberts had been the aggressor
24. Upon information and belief, Defendant DiPierri was arrested on June 14, 2012 in connection with his actions towards Plaintiff Roberts.
25. Upon information and belief, Defendant DiPierri was prosecuted in the New York State Supreme Court, Bronx County, Criminal Term, Part 60 thereof, under indictment number 01850-2012 with four counts of Falsifying Business Records in the First Degree, one count of Offering A False Instrument for Filing in the First Degree, three counts of Official Misconduct, and one count of Assault in the Third Degree.
26. Upon information and belief, on or about June 24, 2013 in the in the New York State Supreme Court, Bronx County, Criminal Term, Part 60 thereof, Defendant DiPierri entered a plea of guilty to one or more of the charges in indictment number 01850-2012.
27. The defendants' action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.
28. Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and

the County of Bronx and under the authority of their office as corrections officers of said state, city and county.

## PENDANT STATE CLAIMS:

29. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has NOT been served upon the Comptroller of Defendants THE CITY OF NEW YORK.

30. That pursuant to §50(h) of the General Municipal Law hearings have NOT been held.

31. That this action is not commenced within one year and 90 days after the cause of action arose.

## I.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROBERTS: CIVIL RIGHTS ACTION 42 USC §1983

32. The Plaintiff Roberts, hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully and at length set forth herein.

33. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

34. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and

usages of the State of New York, the City of New York and the County of the Bronx, and under the authority of their office as corrections officers of said state, city and county.

35. That on January 7, 2012 and all relevant times, Plaintiff Roberts was an inmate at the George R. Vierno Center on Rikers Island under the care and custody of the defendants.

36. That at all relevant times Defendant DiPierri, Defendant Nazario, Defendant Carroll and Defendant Doe 1-5 were present at or near the George R. Vierno Center on Rikers Island as part of their regular and official employment as corrections officers for the Defendants, NYC DOC and THE CITY OF NEW YORK.

37. That at all relevant times the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

38. That at all relevant times Defendant DiPierri, Defendant Nazario, Defendant Carroll and Defendant Doe 1-5 entered into an agreement and devised a plan to instill fear and terror in the inmates by forcefully subduing them regardless of whether probable cause existed.

39. That at all relevant times Defendant DiPierri, Defendant Nazario, Defendant Carroll and Defendant Doe 1-5 knew or had reason to know that the alleged plan was in fact an agreement to deprive and violate the inmates', including Plaintiff' Roberts' rights.

40. That at all relevant times Plaintiff Roberts, in accordance with protocol, shared a grievance with Defendant DiPierri.

41. That at all relevant times, Plaintiff Roberts was law abiding and had not violated any code, regulation or otherwise acted with malice, aggression or disrespect towards Defendant DiPierri.

42. That at all relevant times Defendant DiPierri, without provocation or other legal reason, justification or otherwise, assaulted and battered Plaintiff Roberts.

43. That at all relevant times Defendant DiPierri, then, without provocation or other legal reason, justification or otherwise pushed, punched repeatedly, kicked, and sprayed Plaintiff Roberts with a noxious chemical.

44. That at all relevant times, Defendant DiPierri, thereafter wrote and filed a false "use of force report" in which it claimed that Plaintiff Roberts was being aggressive.

45. That at all relevant times Defendant DiPierri, orderedDefendant Nazario, Defendant Carroll and Defendant Doe 1-5 to make false claims on a "use of force witness report" to back up Defendant DiPierri's false claim that Plaintiff Roberts had been the aggressor.

46. That at all relevant times, the Defendants and each of them, separately, and in concert acted under color and pretense of law, to wit: engaged in the illegal conduct here mentioned to the injury of the Plaintiff Roberts and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

47. The unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

a. the rights of the Plaintiff to be secure in their person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States;

b. the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States; and, the right to due process of law secured by the Fifth Amendment of the United States.

c. the right of the Plaintiff not to be subjected to cruel and unusual punishment secured to him under the Eighth Amendments of the Constitution of the United States.

48. That the aforesaid actions and omissions violations violated 42 U.S.C. §1983.

49. That the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to abandon his rights and privileges as provided to him under the Constitution of the United States of America, the Constitution of the State of New York, and laws thereto.

50. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees acted as persons under color of any statute, ordinance, regulation, custom or usage of the City of New York and NYC DOC.

51. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees, acting within the scope of their authority and without any probable cause wrongfully, compelled the Plaintiff to abandon his rights and privileges, thereby causing him harm.

That by reason of the aforesaid, the Plaintiff Roberts has been damaged.

# II.
## AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEY FEES42 U.S.C. §1988

52. The Plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 51 inclusive as if fully set forth herein and Plaintiff further alleges:

53. That in the event this Court or jury determines that the Plaintiff's civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) and he is victorious upon a related claim herein, he demands attorney's fees to compensate his attorney for his time, expenses, disbursements, and efforts in prosecuting his claim.

54. That the Plaintiff are entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting their claim against the individually named corrections officer pursuant to 42 U.S.C. §1988.

# III.
## AS AND FOR A THIRD CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST CAPTAIN DiPIERRI and EACH INDIVIDUALLY NAMED DEFENDANT

55. The Plaintiff Roberts hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully and at length set forth herein.

56. That the Plaintiff Roberts seeks punitive damages against each and every individually named Defendants including but limited to Defendant DiPierri, Defendant Nazario and, Defendant Carroll.

57. That the Plaintiff seeks punitive damages against each individually name defendant to deter not only these Defendants corrections officers but other like-minded individuals corrections officers from engaging in future similar conduct.

58. That punitive damages is warranted under the facts and circumstance of this case because to Defendant DiPierri, Defendant Nazario and, Defendant Carroll acted with deliberate, premeditated and specific intent as part of a policy to deprive the Plaintiff of his rights, knowing that such Plaintiff had not broken any laws.

59. That upon information and belief had these Defendants corrections officers acting in concert done a proper investigation, and exercised their duty without prejudice, disdain, contempt or other impermissible grounds such as the Plaintiff's race or social status, they would not have stopped, seized, arrested, and maliciously prosecuted the Plaintiff without probable cause or reasonable suspicion.

60. That by reason of the above assault, battery, deprivation and conspiracy to cover-up, Plaintiff demand THIRTY MILLION ($30,000,000.00) DOLLARS from said individually named defendants to deter future similar outrageous and illegal conduct as happened herein.

61. That by reason of the aforesaid violations, the Plaintiff request the following relief:

    a. Compensatory damages in the sum of Thirty Million($30,000,000.00) DOLLARS for each cause of action;

    b. Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

    c. An award of reasonable attorney's fees, costs and disbursements;

    d. Plaintiff requests a trial by jury of all issues involved in this complaint;

    e. Such other and further relief as this Court may deem just and proper under the circumstances.

# IV.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENCE IN TRAINING AND SUPERVISING

62. Plaintiff Roberts, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully and at length set forth herein.

63. That the defendant NYC and the NYC DOC, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

64. That the defendant NYC and the NYC DOC, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent corrections officers and captains.

65. That the defendant NYC and the NYC DOC, their agents, servants and employees failed to give their employees proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

66. That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence of hiring resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff Roberts.

67. That by reason of the aforesaid Plaintiff Roberts was injured because of the false charges.

    That by reason of the aforesaid, the Plaintiff Roberts has been damaged.

# V.
## AS AND FOR FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §1985

68. PLAINTIFF hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 67 with the same force and effect as if more fully and at length set forth herein.

69. That all relevant times, the Defendant entered into an actual or tacit agreement to deprive Plaintiff Roberts of his constitutional rights and civil rights.

70. That at all relevant times the Defendants entered into said agreement for the express purpose of depriving Plaintiff Roberts of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

71. That at all relevant times, in furtherance of the said conspiracy, the defendants did in fact manufacture and falsify evidence against Plaintiff Roberts resulting in serious and permanent injuries to PLAINTIFF' person, dignity and humanity.

72. That at all relevant times, in furtherance of the said conspiracy to cover-up the said false arrest, did maliciously prosecute the PLAINTIFF.

73. That at all relevant times, the Defendant entered into said agreement for the express purpose of depriving PLAINTIFF of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

74. That at all relevant times, the defendants, as a ruse to cover up their acts and omissions, disregarded PLAINTIFF's obvious innocence.

75. That at all relevant the Defendants furthered the goals of the aforementioned policy, practice and custom indiscriminate violence against inmates by NYC DOC.

76. That at all relevant times the Defendants' acts and omissions were motivated by PLAINTIFF's race, ethnicity and social status.

77. That the aforesaid unlawful stop, search, seizure, deprivation, deliberate indifference, detentions and prosecution of Plaintiff by the Defendants, deprived PLAINTIFF of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, in that the Defendant falsely imprisoned the Plaintiff and conspired to cover up their acts and omissions, and otherwise violated Plaintiff without any conduct on the part of the Plaintiff to so warrant.

    By reason of the aforesaid, Plaintiff has been damaged.

# VI.

## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

78. The Plaintiff **Roberts,** hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 77 with the same force and effect as if more fully and at length set forth herein.

79. At all relevant times the Defendants created false evidence against Plaintiff.

80. At all relevant times the Defendant DiPierri, Defendant Nazario and, Defendant Carroll forwarded false evidence to the NYC DOC.

81. At all relevant times In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the Defendants and Defendant DIPIERRI violated Plaintiffs right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States

82. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff ROBERTS has been damaged.

# VII.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

83. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 82 with the same force and effect as if more fully and at length set forth herein.

84. Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

85. Accordingly, the individual Defendant who failed to intervene violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States.

86. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff Roberts, has been damaged.

# VIII.

## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

87. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 86 with the same force and effect as if more fully and at length set forth herein.

88. The Defendants' conduct was tantamount to discrimination against Plaintiff based

on his status as an inmate.

89. Other individuals who are not inmates are not targeted for gratuitous violence; and falsely imprisoned; conspired against; subjected to excessive force, among other things.

90. This disparate treatment caused Plaintiff to suffer serious injuries.

91. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal

92. Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

That by reason of the aforesaid, the Plaintiff Roberts, has been damaged.

## IX.

## AS AND FOR NINETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

93. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 92 with the same force and effect as if more fully and at length set forth herein.

94. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceded Plaintiff's assault and battery.

95. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

96. Defendant Supervising Doe personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to

properly supervise his/her subordinate employees regarding the adequate and proper grounds for forcefully entering her apartment without a warrant and thereafter subjecting Plaintiff Roberts to excessive force, despite no legal basis for doing so.

97. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff Roberts, has been damaged.

# X.

## AS AND FOR TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MONELL*

98. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 97 with the same force and effect as if more fully and at length set forth herein.

99. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff.

100. Defendant NYC, through the NYC DOC, has had, and still has, hiring practices that it knows will lead to the hiring of corrections officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

101. Defendant NYC, through the NYC DOC, has a de facto policy that encourages totalitarian and dictatorial supervision of inmates, abuse, unlawful arrests, the fabrication of evidence, and perjury.

102. Defendant NYC, through the NYC DOC, has a de facto employee promotion policies that encourages negligent investigations; the fabrication of evidence; perjury.

103. Defendant The City of New York, through the NYC DOC have had, and still have, hiring practices that they know will lead to the hiring of employees lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

104. Defendant NYC through the NYC DOC, have de facto policies that encourage competition among employees. These policies encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of subordinates.

105. Defendant NYC, at all relevant times, were aware that the individual Defendant routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

106. Defendant NYC through the NYC DOC, at all relevant times, was aware that the individual Defendant are unfit officers, attorneys, and employees who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

107. These policies, practices, and customs were the moving force behind Plaintiffs injuries.

108. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

109. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein have a propensity for unconstitutional conduct, or have been inadequately trained.

110. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.

111. The City failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

112. In addition, the following are City policies, practices and customs:

    (a) Abusing innocent individuals, based on a pretext, in order to meet productivity goals;

    (b) Fabricating evidence against individuals;

    (c) Using and threatening the use of excessive force on individuals;

    (d) Retaliating against individuals who engage in free speech.

That by reason of the aforesaid, the Plaintiff ROBERTS, has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a) Compensatory damages against all Defendant, jointly and severally;

(b) Punitive damages against the individual Defendant, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper

Dated: New York, New York
          The 22nd day of October 2013           /s/

                                                _____
                                                D. Andrew Marshall, Esq.
                                                Attorney for the PLAINTIFF
                                                225 Broadway, Suite 1804
                                                New York, New York 10007
                                                (212) 571-3030 (office)
                                                (212) 587-0570 (facsimile)
                                                marshall.law4@verizon.net